UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

ROMMIE DELEE STONE,          )
                             )
        Petitioner,           )
                             )
v.                           )    NOS. 2:08-cr-73; 2:10-cv-58
                             )
UNITED STATES OF AMERICA,    )
                             )
        Respondent.           )

## MEMORANDUM OPINION

Pursuant to his guilty plea, petitioner Rommie Delee Stone, was convicted of violating the Adam Walsh Sex Offender Registration and Notification Act of 2006 (hereinafter, SORNA or the Act).[1] 18 U.S.C. § 2250(a) and 42 U.S.C. § § 16911 and 16913. For this offense, he received a 27-month prison sentence, to be followed by a life term of supervised release. Petitioner did not seek direct review, but now, through counsel, brings this motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255; motion to expedite consideration of his motion to vacate; and motion for appointment of new counsel. [Docs. 27, 28, and 31].

---

[1] SORNA created a national registry for sex offenders (i.e., persons convicted of a sex offense) and made it a criminal act to fail to comply with its registry requirements.

In petitioner's § 2255 motion, he asserts that his conviction is invalid because the conduct which allegedly violated SORNA occurred before the Act became applicable to him. To support this claim, petitioner relies upon *United States v. Utesch*, 596 F.3d 302 (6th Cir. 2010). The United States has filed a response in opposition, arguing that petitioner's claim warrants no relief because the conduct for which he was indicted happened after the date SORNA applied to him and that his § 2255 motion should be dismissed. [Doc. 33].

## I. FACTUAL BACKGROUND

Petitioner pled guilty to single count indictment charging him with violating SORNA between August 21, 2007, and August 6, 2008. The plea was supported by the summary of facts which follows. [Doc. 16]. On December 10, 2001, petitioner was convicted of attempted aggravated sexual battery in Grainger County, Tennessee (as amended by judgment of September 23, 2002). Because of this conviction, he was classified as a violent sex offender. Because he was a violent sex offender, he was required by the Tennessee Sex Offender Registry Law, Tenn. Code Ann. § 40-39-201 *et seq.*, to register and advise authorities of any change of residence within three days of that change.

Nonetheless, on August 21, 2007, petitioner was released from state custody; traveled from the State of Tennessee to the State of Florida; resided therein

until August 6, 2008; and failed to advise either the Florida or the Tennessee authorities of his address change, though both states required such notice. The factual summary concluded that petitioner was a sex offender, as defined by SORNA; that he, therefore, was required to register under both SORNA and Tennessee law; that he traveled in interstate commerce between August 21, 2007, to August 6, 2008; and that he knowingly failed to submit the required offender registration update.

## II. STANDARDS OF REVIEW

To seek relief under § 2255, a prisoner "must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (citation omitted). Not every legal error at trial or sentencing justifies section 2255 relief, only those which constitute "a fundamental defect which inherently results in a complete miscarriage of justice.'" *Hill v. United States*, 368 U.S. 424, 428 (1962). Section 2255 relief is also warranted on the basis of a constitutional error if it had a substantial and injurious effect or influence on the proceedings. *Reed v. Farley*, 512 U.S. 339, 353 (1994). A prisoner who is seeking to obtain collateral relief must clear a "significantly higher hurdle" than would exist on direct appeal. *Fair v. United States*,

157 F.3d 427, 430 (6th Cir. 1998). Finally, if the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F.2d 1039, 1041 (6th Cir.), *cert. den.*, 439 U.S. 988 (1978).

## III. DISCUSSION

A. **The Law**

1. *SORNA*

SORNA, as noted earlier, created a nationwide system for the registration of sex offenders, and it also requires those offenders to register and to update their registrations in each jurisdiction wherein they reside, are employed, or attend school. 42 U.S.C. § 16901, § 16913. SORNA further requires an offender, within three business days after each change of name, residence, employment, or student status, to report that change to the relevant jurisdiction. 42 U.S.C. § 16913(c). A violation of these registration requirements is a criminal act, punishable by up to ten years imprisonment. 18 U.S.C. § 2250(a). However, the Act cedes to the Attorney General the decision as to whether SORNA applies retroactively to sex offenders convicted before its enactment. *See* 42 U.S.C. § 16901(d) ("The Attorney General shall have the authority to specify the applicability of the requirements of [SORNA] to sex offenders convicted before July 27, 2006. . . ."); § 16912 ("The Attorney General shall issue guidelines and regulations to interpret and implement [SORNA].").

4

2. *Interim Rule*

On February 28, 2007, in accordance with this congressional mandate, United States Attorney General Alberto Gonzales issued an immediately effective interim rule, which stated that the offender registration requirements would be applied retroactively to sex offenders with pre-SORNA convictions. *Applicability of the Sex Offender Registration and Notification Act*, 72 FR 8894-01, 2007 WL 594891 (February 28, 2007). In promulgating the interim rule, however, the Attorney General did not adhere to the Administrative Procedures Act ("APA"), in that he failed to comply with its notice-and-comment provision and its thirty-day advance publication requirement or, in the alternative, to dispose of these procedural dictates based on "good cause." *Utesch*, 596 F.3d at 307 (citing the APA, 5 U.S.C. 553(b)(B), (d)(3)).[2]

Also, the Attorney General stated that comments would be accepted until April 30, 2007, and certified that it was necessary to make the rule effective

---

[2] Under the APA, certain procedures must be followed in proposing a regulation. Generally, the proposed rule must be published in the Federal Register (notice). The notice must contain: (a) a statement of the time, place, and nature of the public rule making proceedings; (b) a reference to the legal authority under which the rule is proposed; and (c) either the terms or substance of the proposed rule or a description of the subjects and issues involved. Moreover, interested persons must have an opportunity to participate in the rule making by submitting written data, views, or arguments (comment). The final version of the rule must be published at least thirty days before the rule becomes effective (30-day advance publication). However, these public procedures may be disposed of—but only if the agency, for good cause, finds that such procedures are impracticable, unnecessary or contrary to the public interest. *Utesch*, 596 F3d at 308-09.

immediately to eliminate uncertainty about whom the Act covered and to ensure that the public would be protected without delay. Nevertheless, these reasons are inadequate to justify bypassing APA's notice-and-comment and thirty-day advance publication requirements. *Id.* at 308-09 (citing *United States v. Cain*, 583 F.3d 408, 423 (6th Cir. 2009)). Therefore, in accordance with Sixth Circuit precedent, the interim rule—adopted without any consideration of public commentary—cannot support retroactivity in petitioner's case, *id.* at 309-10 (citing *Cain*), and he is not bound by the interim rule.

3. *SMART Guidelines*

a) *Proposed Guidelines*: On May 30, 2007, the Attorney General published proposed comprehensive guidelines for SORNA, called the "SMART" guidelines—an acronym derived from the first initial of the last five words in "Office of Sex Offender <u>S</u>entencing, <u>M</u>onitoring, <u>A</u>pprehending, <u>R</u>egistering, and <u>T</u>racking." These guidelines stated once again that SORNA's registration requirements applied to sex offenders whose crimes predated the Act. Comments were to be accepted until August 1, 2007.

The proposed SMART guidelines "did not carry the force of law' and do not bind petitioner either. *Id.* at 310-311. "[I]t is well settled that proposed regulations . . . have no legal effect." *Ibid.* (citing *United States v. Springer*, 354 F.3d 772, 776

(8th Cir. 2004)). Any other finding is on a collision course with the APA's thirty-day advance publication rule. *Id.* at 311 (citing *Rowell v. Andrus*, 631 F.2d 699, 702-03 &n.1 (10th Cir. 1980)).

  b) *Final Guidelines*: The final SMART guidelines were issued on July 2, 2008. In those guidelines, the Attorney General responded to comments and objections concerning SORNA's retroactivity, reiterated that the Act was retroactive, and also announced that the regulations were effective on the date they were issued. However, contrary to what the final guidelines declared, they did not become effective on the date they were issued. This is so because they lacked a statement of reasons by the Attorney General establishing good cause for his disregard of the APA's thirty-day advance publication requirement. *Id.* at 311 & n.8. Not until thirty days after the final SMART guidelines were published, i.e., August 1, 2008, did the Act became effective against offenders who, like petitioner, had been convicted of a sex offense before its enactment. *Ibid.*

B. **Analysis**

  To be convicted under 18 U.S.C. § 2250(a), a defendant must: (1) be a convicted sex offender who is required to register under 42 U.S.C. § 16913(a); (2) travel in interstate or foreign commerce; and (3) knowingly fail to register or update a registration. *Carr v. United States*, 130 S.Ct. 2229, 2235 (2010). The elements are

to be read sequentially, meaning that "a person [who] becomes subject to SORNA's registration requirements . . . must then travel in interstate commerce and thereafter fail to register." *Id.* at 2235.

Petitioner's indictment alleged that he violated SORNA between August 21, 2007, and August 6, 2008. The facts presented by the government in support of petitioner's conviction showed that, on August 21, 2007, petitioner moved from Tennessee to Florida, where he resided until August 6, 2008, and did not update his sex offender registration in either state. However, petitioner's interstate travel on August 21, 2007, and his failure to register as a sex offender in Florida did not violate SORNA because, as explained earlier, the said conduct occurred prior to the date he was required to register under the Act. Thus, as petitioner insists, the Court lacked jurisdiction to convict him of the § 2250(a) offense based on his travel to and subsequent failure to register in Florida.

Under the holding in *Utesch*, because petitioner's conviction for a sex offense predated the effective date of the Act, its registration and notification requirements did not apply to him until August 1, 2008. On that date, petitioner was required to register under SORNA and it was this event which triggered the statutory sequence. *Ibid.* Hence, if between August 1, 2008, and August 6, 2008 (i.e., the dates specified in the indictment), petitioner traveled in interstate or foreign commerce and

then failed to register as a sex offender in the pertinent jurisdiction, his conduct would violate the Act and he would subject to criminal penalties under 42 U.S.C. § 16911 and § 16913.

There are no facts in the record supporting that petitioner engaged in such behavior during the first six days of August, 2008, when SORNA applied to him. Indeed, the government represented that petitioner resided in Florida until August 6, 2008, the date of his arrest by the U. S. Marshals Service on a warrant issued by the Criminal Court of Hamblen County, Tennessee and was still being held in Florida on August 22, 2008, when the federal arrest warrant from this district was executed on him. [Doc. 1, Criminal Compl. at 4; Doc. 8]. Actually, the record shows that petitioner remained in Florida until at least August 26, 2008, when he was committed to the custody of the U.S. Marshals Service for transport to the Eastern District of Tennessee to answer the SORNA charges lodged here. [Doc. 3, Rule 5(c) Removal & Transfer Documents-Middle District of Florida].

## IV. CONCLUSION

Because petitioner's interstate travel to Florida and failure to register took place before August 1, 2008, thirty days after the final SMART guidelines were published, and because he did not travel in interstate commerce between August 1, 2008, and August 6, 2008, and then knowingly fail to report his change of "residence,"

his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is well taken. Therefore, this § 2255 motion will be **GRANTED**; petitioner's conviction for violating SORNA's registration requirements will be **VACATED**; and his motions to expedite consideration and to discharge his attorney and have new counsel appointed to represent him [Docs. 28, 31], both of which have been rendered **MOOT** by the Court's decision to grant him § 2255 relief, will be **DENIED**.

A separate order **SHALL** enter.

**ENTER**:

*/s/ Leon Jordan*
LEON JORDAN
UNITED STATES DISTRICT JUDGE